# EXHIBIT A

2010-2011

# RICHLAND SCHOOL DISTRICT NO. 400

Richland, Washington

### SUPERINTENDENT'S EMPLOYMENT CONTRACT

(Effective July 1, 2010 through June 30, 2013)

THIS CONTRACT is made and entered into as of the 1st day of July, 2010 by and between

        Board of Directors
        Richland School District No. 400
        615 Snow Avenue
        Richland, Washington 99352

hereinafter referred to as the "Board" and

        James Busey
        Post Office Box 2134
        Chelan, Washington 98816

hereinafter referred to as the "Superintendent."

WHEREAS, the Board desires, pursuant to RCW 28A.400.010, to employ **James Busey** as Superintendent and to execute with him a Superintendent's Employment Contract; and

WHEREAS, **James Busey** desires to be employed by the Board in accordance with the terms and conditions of this Superintendent's Employment Contract; and

NOW, THEREFORE, for and in consideration of the mutual covenants and promises hereinafter contained, it is agreed by and between the parties that the Superintendent's Employment Contract, effective July 1, 2010, is as follows:

1. <u>EMPLOYMENT</u>. In consideration of the terms herein, the Board agrees to employ Superintendent and Superintendent agrees to perform faithfully and pursuant to law and the policies, rules and regulations made there under by the Board the duties of superintendent of Richland School District No. 400 (hereinafter referred to as the "District") and to serve as Secretary and Executive Officer of the Board.

2. **TERM.** The term of this contract shall take effect as of July 1, 2010 and continue in force thereafter through June 30, 2013. There are no automatic extensions or "roll-overs" of this contract. Contract extensions, if any, will be in accordance with the following provisions.

   Each year, this contract may be extended for an additional one year term only with express approval by the Board, which may be withheld for any reason deemed suitable by the Board. The contract will not be extended for any period of time without the express, written approval of the Board.

   The first decision to extend the contract by an additional year will be made by the Board on or before July 1, 2011. Subsequent decisions, if any, to extend the contract by an additional year will be made by March 31 of each subsequent year.

3. **FULL-TIME EFFORTS.** Superintendent hereby agrees to devote his full time, skill, labor and attention to said employment during the term of his contract; provided, however, that the Superintendent, by agreement with the Board may undertake consultative work, speaking engagements, writing, lecturing, or other professional duties and obligations in accordance with state law.

4. **ORGANIZATION OF DISTRICT.** Except as otherwise specifically provided or limited by law, Superintendent shall:

   A. Have the complete freedom to act as the chief executive officer of the Board and District; and

   B. Direct and assign teachers and all other employees of the District under Superintendent's supervision; and

   C. Recommend to the Board the selection, employment and discharge of all personnel within the District, including, specifically, all administrative and supervisory staff, provided that final action shall rest with the Board in accordance with state statutes and the policies and procedures adopted by the Board; and

   D. Recommend to the Board the composition, organization, reorganization and arrangement of the administrative and supervisory staff, including instructional and business affairs, in such manner

      as, in his professional judgment and experience best serves the interests of the educational process and the District; and

  E.  Handle the administration of the instructional and business affairs of the District with the assistance of such administrative staff as he deems appropriate and has been provided to him by the Board; and

  F.  From time to time, suggest policies, procedures, and rules deemed necessary for the well ordering of the District.

5. **COMMUNICATION WITH BOARD.** Except in the case of extraordinary circumstances, the Board, collectively or individually, shall use its best efforts to promptly refer to the Superintendent all significant criticisms, complaints and suggestions called to their attention relative to Superintendent or the School District for Superintendent's study and recommendation. However, even in the case of such extraordinary circumstances, the Board shall inform the Superintendent of such criticisms, complaints and suggestions, in due course, with an explanation of the reasons why the complaints, criticisms and suggestions were not promptly referred to the Superintendent.

The Superintendent shall, in timely fashion, inform the Board of significant criticisms, complaints, and suggestions which arise so the Board members can be prepared to deal with such questions within the District. Prompt mutual communication of problems is expected and encouraged.

While nothing in this paragraph shall be construed in any way as limiting the right of the Board to secure information from employees of the District, the Board recognizes that, under normal circumstances, communications between the District's staff and the Board shall be through the Superintendent.

6. **SUPERINTENDENT'S SALARY.** The Superintendent's base salary for the period between July 1, 2010 and June 30, 2011 shall be $149,000.00. For the [redacted] and [redacted] contract years, the Superintendent's salary will be the same as the above noted base salary with a [redacted] and [redacted] increase [redacted].

This salary shall be paid in equal monthly installments in accordance with the rules of the Board governing payment of other professional staff members in the District.

3

007

The per diem rate for all purposes under this contract and the District benefit policies and procedures shall be at the agreed rate of 1/214th of the total of the Superintendent's base annual salary noted above as adjusted annually for cost of living or other increases resulting from the above negotiations.

7. AUTOMOBILE AND TRANSPORTATION. The Superintendent shall be reimbursed at the per mile rate payable to certificated employees within the School District for all school district related travel, within or outside the district boundaries.

8. PROFESSIONAL ACTIVITIES. Superintendent is encouraged to participate in and attend appropriate professional meetings, at the local, state and national levels, of professional organizations and associations of benefit to the Superintendent and the District including, but not limited to, the:

   1. Washington State School Directors Association
   2. Washington Association of School Administrators
   3. American Association of School Administrators
   4. National School Boards Association

The District shall pay dues, expenses, travel and association fees for Superintendent's membership in such organizations and other professional organizations as are approved in advance by the Board. As approved from time to time by the Board or in accordance with its general policies, reasonable costs of attendance will be paid by the District.

9. VACATION. Superintendent shall be granted thirty three (33) - working days for vacation annually, exclusive of legal holidays. The legal holidays include and are limited to: New Year's Day and the day before, Martin Luther King Day, President's Day, Memorial Day, Independence Day, Labor Day, Veteran's Day, Thanksgiving and the day following, Christmas Eve and Christmas Day. Each year, a minimum of eight (8) vacation days will be paid at the current per diem rate in effect at the time of the disbursement, and the remaining twenty five (25) days will be used or accumulated year to year for a maximum of fifty (50) working days. A maximum of thirty (30) days of accumulated vacation pay will be subject to cash-out at retirement.

[handwritten margin note: "8 days"]

4

008

10. SICK LEAVE. Superintendent shall be entitled to twelve (12) working days sick leave each year. A maximum of one hundred eighty (180) days are subject to cashout buy-back rights pursuant to Washington State law. Superintendent shall be entitled to participate in the District leave-sharing program on the same basis as any other certificated employee.

11. OTHER BENEFITS. In addition to, but without duplication of, the benefits specifically set forth herein, Superintendent shall receive or participate in the benefits provided generally to full-time administrative staff members of the District, including, but not limited to, personal leave, bereavement leave, disability, life, and health insurance and retirement benefits, and personal leave days.

    One-half of the out-of-pocket cost for health, vision and dental insurance shall be provided for the Superintendent's spouse. In the event the Superintendent's spouse obtains employment that provides health, vision and dental insurance, the District will, at the Superintendent's request, discontinue health, vision and dental insurance for his spouse and pay the realized cost savings on the part of the district to the Superintendent. Such other benefits are subject to change at any time on the same basis as changed for other full-time professional administrative employees.

12. Moving Expenses. The superintendent shall be entitled to moving expenses/claims associated with moving household goods from Chelan, Washington to Richland, Washington. These expenses/claims may be made up to June 30, 2013, and may include two separate moves. The cumulative maximum expenses/claims associated with this paragraph shall not exceed $20,000.00.

13. Transitional Employment. The superintendent is expected to begin transition before July 1, 2010 which will require him to spend time in the district working with board members, administrators, staff and community members. The superintendent will be reimbursed for mileage and hotel expenses per district policy, and will be paid for each day worked up to a maximum of 30 days at the per diem rate defined in paragraph six (6) above.

14. OFFICE, STAFF SUPPORT AND EQUIPMENT. The Board shall provide Superintendent with an adequate office, office furnishings and equipment, including professional publications, computers,

5

cellular telephone, pager, video, dictation and recording equipment, including such portable and home office equipment, as are deemed reasonably necessary by Superintendent to accomplish his duties in an efficient and productive manner. The Board shall employ an executive secretary who shall be an exempt, confidential employee.

15. ADMINISTRATIVE TRAINING. The Superintendent will receive a stipend equivalent to 3 per diem days per month during the life of this contract for his efforts in developing and maintaining a training system for aspiring administrators (District and building) for future growth in the District. Said payments will be made in equal monthly installments.

16. EXTRA ACTIVITIES. The Board acknowledges that the Superintendent will be required to travel and/or attend many activities in the evening as well as weekends throughout the term of the contract. In recognition of that time, the Superintendent shall receive an additional payment equivalent to 3 per diem days per month for the term of the contract. Said payment will be made in equal monthly installments.

17. EVALUATION. Twice each calendar year, the Board shall, pursuant to RCW 28A.405.100(2), evaluate and review with Superintendent the Superintendent's performance as superintendent of the District. This evaluation shall be based, at a minimum, upon the statutory criteria, the goals of the District, the relationship between the Superintendent, the Board, the staff, students, parents and the community at large.

The Board and the Superintendent shall meet twice each calendar year concurrent with the Superintendent evaluation to review and establish District goals and objectives. These goals and objectives shall be reduced to writing and, to the extent applicable, shall be considered by the Board in evaluating the Superintendent.

The Board and the Superintendent shall mutually determine the evaluation form and process provided the general provisions of the above paragraph are met. The Superintendent shall advise the Board of this evaluation obligation twice each calendar year.

18. DISCHARGE AND TERMINATION. Superintendent may be discharged and this contract terminated at any time during the term of

6

010

this contract for just cause. In the event of discharge Superintendent shall have the right to service of written charges, notice of hearing, and a hearing before the Board sitting in executive session. In addition, this contract may be terminated pursuant to paragraphs 19 (pertaining to death) and 20 (pertaining to disability), below. The Superintendent will assume and pay the cost of his legal expenses.

19. **DEATH DURING EMPLOYMENT**. If Superintendent shall die during the term of this employment, the Board shall pay to the estate of Superintendent the compensation which otherwise would be payable to Superintendent up to the end of the month in which Superintendent's death occurs. Thereafter, the Board shall have no further responsibilities hereunder, and this contract shall be terminated automatically. The provisions hereof shall not be deemed to affect any other benefits which may be available to Superintendent, including but not limited to, those available under the applicable retirement program, health insurance, worker's compensation, standard District practices for the payment of accrued but unused leaves or otherwise.

   In addition to standard district insurance, the District will provide a term life insurance policy for the length of time of this contract at a benefit rate of two (2) times the Superintendent's yearly base salary.

20. **DISABILITY**. Should Superintendent be unable to perform any or all his duties by reason of illness, accident, or other cause beyond his control, and said disability exists for a period longer than six months, the Board may in its discretion hire a temporary Superintendent; and if such disability continues, or said disability is permanent, irreparable, or of such nature as in the discretion of the Board to substantially and materially adversely affect the performance of this contract, the Board may, at its option, terminate this agreement; whereupon the respective duties, rights and obligations hereof shall terminate.

21. **MORAL AND LEGAL CONDUCT**. Superintendent shall fulfill all aspects of this contract in a legal, ethical and moral manner, any exception thereto being by mutual written consent of the Board and Superintendent. Failure to fulfill the obligations agreed to in this contract will be good and just cause for discharge as noted above, and will be reported by the Board to the appropriate state educational authorities.

22. CERTIFICATE. Pursuant to RCW 28A.400.010, the Board of Directors is solely responsible for determining the qualifications of its superintendent. It is agreed that the Board of Directors has determined that Dr. James Busey is fully qualified to be elected as superintendent of the District. Superintendent will furnish a certificate to act as a superintendent of schools in the State of Washington.

23. DEFENSE AND HOLD HARMLESS. The District agrees, as a further condition of Superintendent's employment contract, that it will defend, hold harmless and indemnify Superintendent from any and all demands, claims, suits, actions, damages, costs, charges and expenses, including court costs and attorneys' fees except as provided for under paragraph 18; provided, that the incident out of which such demands, claims, suits, actions, damages, costs, charges and expenses arise have occurred while Superintendent is acting within the scope of his employment and during the good faith performance of his contract. The District shall provide Superintendent with a legal defense provided that if a conflict exists between the legal position of Superintendent and the District, Superintendent may obtain independent counsel which fees thereof shall be indemnified by the District if Superintendent is entitled to a defense as provided above.

24. LIMITATION. Nothing in this contract shall authorize Superintendent to perform any act which, pursuant to the laws of the State of Washington, cannot be delegated by the Board to the Superintendent.

25. GOVERNING LAW. This contract has been executed in the State of Washington and shall be governed in accordance with the laws of the State of Washington in every respect and other applicable laws, rules and regulations. This contract is further governed by the Board's policies, procedures, rule and regulations as now or hereafter adopted. The parties agree that any dispute hereunder shall be exclusively resolved by submission to an arbitrator selected under and operating exclusively under the rules of the American Arbitration Association for the expedited resolution of disputes. The decision of the arbitrator shall be final and binding upon the parties and neither party shall have recourse to any court of law other than to challenge the jurisdiction or to enforce the decision of the arbitrator.

IN WITNESS WHEREOF, the parties have executed this contract in triplicate this __10__ th day of March 2010.

| SUPERINTENDENT: | BOARD OF DIRECTORS RICHLAND SCHOOL DISTRICT NO. 400 |
|---|---|
| _____ James Busey | By _____ Richard Jansons, President |
| | By _____ Heather Cleary, Vice President |
| | By _____ Rick Donahoe, Member |
| | By _____ Mary Guay, Member |
| | By _____ Phyllis Strickler, Member |