Brian J. Iller, WSBA #16150
RETTIG OSBORNE FORGETTE, LLP
6725 W. Clearwater Avenue
Kennewick, WA 99336
T. (509) 783-6154
F. (509) 783-0858
bji@rettiglaw.com

Honorable Edward F. Shea

UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAMES BUSEY, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>RICHLAND SCHOOL DISTRICT; RICHARD JANSONS; HEATHER CLEARY; MARY GUAY; RICK DONAHOE; and PHYLLIS STRICKLER,<br><br>Defendants. | NO. CV-13-5022-EFS<br><br>PLAINTIFF BUSEY'S MEMORANDUM IN OPPOSTION TO RICHLAND SCHOOL DISTRICT'S MOTION FOR STAY OF PROCEEDINGS AND COMPEL ARBITRATION |

## I. **SUMMARY OF ARGUMENT**

The narrow agreement to arbitrate "any disputes hereunder" does not apply to the constitutional and statutory claims asserted herein by Busey, which are not claims relating to the interpretation and performance of the contract itself.

MEMORANDUM IN RESPONSE TO
RSD's MOTION FOR STAY AND TO
COMPEL ARBITRATION      /Page 1
y:\bji\clients\busey\usdc\memo in opposition to motion to
25.doc

RETTIG, OSBORNE, FORGETTE, LLP
6725 West Clearwater Avenue
Kennewick, WA 99336
PH: 509.783.6154
FAX: 509.783.0858

## II. PLAINTIFF'S STATEMENT OF FACTS

The employment contract between Busey and the Richland School District (RSD) was drafted by RSD (Aff. of Jim Busey, p. 2), and states in relevant part:

> The parties agree that any dispute hereunder shall be exclusively resolved by submission to an arbitrator selected and operating exclusively under the rules of the American Arbitration Association for the expedited resolution of disputes. The decision of the arbitrator shall be final and binding upon the parties and neither shall have recourse to any court of law other than to challenge the jurisdiction or to enforce the decision of the Arbitrator.

(ECF No. 8-1 at 12: Aff. Of Galt Pettett, Ex. "A", Paragraph 25)

<u>Busey does not seek relief in this case for breach of the employment contract.</u>[1] Instead, Busey seeks recovery under 42 U.S.C. § 1983 for the violation of his constitutional due process right to a pre-termination hearing pursuant to <u>Cleveland Board of Education v. Loudermill</u>, 470 U.S. 532, 542–45, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985), and its progeny. The § 1983 claim is based on RCW 28A.405.300, which requires notice and an opportunity for hearing <u>before</u> a decision is made to terminate a certificated employee. RSD made a decision to terminate Busey "effective immediately" before it provided notice and an opportunity for hearing.[2] (Busey Aff., p. 2, Ex.s 1, 2, 3 and 4) Busey also

---

[1] Busey does not waive his breach of contract claim. See ECF 1 at 3.

[2] RSD claims that it provided notice of probable cause under the statute on January 31, 2013, (ECF 5 at 3), but that after-the-fact attempt to correct its illegal January 22 termination is ineffective. See Martin v. Dayton Sch. Dist., 85

MEMORANDUM IN RESPONSE TO
RSD's MOTION FOR STAY AND TO
COMPEL ARBITRATION /Page 2
y:\bji\clients\busey\usdc\memo in opposition to motion to 25.doc

RETTIG, OSBORNE, FORGETTE, LLP
6725 West Clearwater Avenue
Kennewick, WA 99336
PH: 509.783.6154
FAX: 509.783.0858

asserts claims of marital status discrimination under the Washington Law Against Discrimination (WLAD), RCW Ch. 49.60, and of violation of state wage statutes.

### III. LAW

Busey cited Golden v. Dameron Hosp. Ass'n, 2012 WL 4208779 (E.D.Cal. 2012) to RSD in a letter dated February 23, 2013. (ECF No. 7-2 at 11 and 12: Aff. of Greg Stevens. Ex "B", pp. 3-4), Golden discusses "narrow" and "broad" arbitration agreements, and held that statutory employment discrimination claims are outside the scope even of a broader "related to" arbitration clause.

RSD does not even discuss the two leading Ninth Circuit cases (both cited in Golden) that hold that "arising hereunder" arbitration clauses are "narrow" and do not include statutory or tort claims. Mediterranean Enterprises, Inc. v. Ssangyong Corp., 708 F.2d 1458 (1983), and Tracer Research Corp. v. National Environmental Services Co., 42 F.3d 1292 (9th Cir. 1994).[3]

Mediterranean and Tracer are fatal to RSD's argument. In Mediterranean, the court held that a clause requiring arbitration of "any disputes arising

---

Wash.2d 411, at 412, 536 P.2d 169 (1975)(Notice must "must reflect a decision of probable cause, not a judgmental conclusion that the board's mind is closed); Foster v. Carson School Dist. No. 301, Skamantia County, 63 Wash.2d 29, 385 P.2d 367 (1963)(Once statute violated, employee entitled to recover damages.); See 7-2 ECF 9-10.

[3] Mediterranean and Tracer are still good law in the Ninth Circuit, as discussed below, though frequently distinguished when courts consider broader "related to" arbitration clauses.

MEMORANDUM IN RESPONSE TO
RSD's MOTION FOR STAY AND TO
COMPEL ARBITRATION      /Page 3
y:\bji\clients\busey\usdc\memo in opposition to motion to 25.doc

RETTIG, OSBORNE, FORGETTE, LLP
6725 West Clearwater Avenue
Kennewick, WA 99336
PH: 509.783.6154
FAX: 509.783.0858

hereunder" was narrow and applied <u>only</u> to disputes "relating to the interpretation and performance of the contract itself." The court held, at p, 464:

> We interpret "arising hereunder" as synonymous with "arising under the Agreement." The phrase "arising under" has been called "relatively narrow as arbitration clauses go." . . . In *In re Kinoshita & Co.*, 287 F.2d 951, 953 (2d Cir.1961), Judge Medina . . . reasoned that the phrase "arising under" is narrower in scope than the phrase "arising out of or relating to," the standard language recommended by the American Arbitration Association. *Id.*
>
> In a recent case, a district court amplified Judge Medina's reasoning. In *Michele Amoruso E Figli v. Fisheries Development Corp.*, 499 F.Supp. 1074, 1080 (S.D.N.Y.1980), . . . [t]he court went on to say that in the case before it, "the clause is limited to differences or disputes 'arising out of this Agreement'; <u>notably, it omits reference to disputes 'relating to' the agreements. The omission is significant</u> in the Second Circuit." *Michele Amoruso E Figli*, 499 F.Supp. at 1080.
>
> The omission should be significant in this circuit as well. . . . <u>We have no difficulty finding that "arising hereunder" is intended to cover a much narrower scope of disputes, i.e., only those relating to the interpretation and performance of the contract itself</u>.

(Underlining added.) In <u>Tracer</u>, the court applied <u>Mediterranean</u> and held that an "arising under" arbitration clause was a "narrow" clause that did not apply to a tort claim of misappropriation of trade secrets. The <u>Tracer</u> court held, at p. 1294:

> We cannot expand the parties' agreement to arbitrate in order to achieve greater efficiency. The Federal Arbitration Act *"requires piecemeal resolution when necessary to give effect to an arbitration agreement."* (Citation omitted; Italics in original)

MEMORANDUM IN RESPONSE TO
RSD's MOTION FOR STAY AND TO
COMPEL ARBITRATION          /Page 4
y:\bji\clients\busey\usdc\memo in opposition to motion to 25.doc

RETTIG, OSBORNE, FORGETTE, LLP
6725 West Clearwater Avenue
Kennewick, WA 99336
PH: 509.783.6154
FAX: 509.783.0858

The "narrow" meaning of RSD's clause is even more clearly established because the RSD/Busey contract authorizes court action "to challenge the jurisdiction of the arbitrator" (ECF No. 8-1 at 12.) That provision would be unnecessary if all disputes of every kind between the parties must be arbitrated.

In 2011, the Ninth Circuit reaffirmed both Mediterranean and Tracer in Cape Flattery Ltd. v. Titan Maritime, LLC, 647 F.3d 914, at 922-23 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 1862 (2012):

> Titan is certainly correct that there is a presumption in favor of arbitrating the merits of a dispute. . . . Indeed, in *Mediterranean* we wrote that "federal policy favors the enforcement of arbitration agreements," 708 F.2d at 1463, and in *Tracer* we noted the "federal policy favoring [arbitration]," 42 F.3d at 1294. A purportedly new federal policy in favor of arbitration therefore cannot be a basis for concluding that these decisions are no longer valid.
>
> * * *
>
> There is a good reason to indicate clearly to contracting parties what specific language will signify that the scope of their arbitration agreement is narrow. Once they know the specific language that is required, they can rely on that language to produce a result they jointly desire. The Second Circuit relied on this rationale in declining to overturn *Kinoshita*, . . ..
>
> We conclude that because the language in the arbitration provisions in *Mediterranean* and *Tracer* is the same as the language in the Agreement, the narrow interpretation of "arising under" in those cases controls.

MEMORANDUM IN RESPONSE TO
RSD's MOTION FOR STAY AND TO
COMPEL ARBITRATION     /Page 5
y:\bji\clients\busey\usdc\memo in opposition to motion to 25.doc

RETTIG, OSBORNE, FORGETTE, LLP
6725 West Clearwater Avenue
Kennewick, WA 99336
PH: 509.783.6154
FAX: 509.783.0858

(Underlining added.) The Cape Flattery court then held that statutory claims were not arbitrable because they did not "arise under" the contract:

> Applying *Mediterranean* and *Tracer*, we have no difficulty concluding that the present dispute is not arbitrable. The dispute in this case is based on the Oil Pollution Act of 1990, 33 U.S.C. § 2701 *et seq*. [sic] . . .
>
> *Mediterranean* established that under an arbitration agreement covering disputes "arising under" the agreement, only those disputes "relating to the interpretation and performance of the contract itself" are arbitrable. *Mediterranean*, 708 F.2d at 1464. *Tracer* similarly held that when a tort claim constitutes an "independent wrong from any breach" of the contract it "does not require interpretation of the contract and is not arbitrable." *Tracer*, 42 F.3d at 1295. <u>*Tracer* further clarified that a tort claim is not arbitrable just because it would not have arisen "but for" the parties' agreement.</u> *Id*.

(Underlining added.)

RSD does not discuss the "narrow" or "broad" arbitration clause issue, nor does it discuss the holding in Golden that discrimination claims are outside even a broad "related to" arbitration clause. The Ninth Circuit cases cited by RSD are distinguishable. Chiron Corp. v. Ortho Diagnostic Systems, Inc., 207 F.3d 1126 (9th Cir. 2000)(At p. 1128: "[T]he dispute falls squarely within their broad arbitration agreement."); E.E.O.C. v. Luce, Forward, Hamilton & Scripps, 345 F.3d 742 (9th Cir. 2003)(Allowing parties to agree to arbitrate E.E.O.C. claims but not interpreting any specific clause); Kuehner v. Dickinson & Co., 84 F.3d 316 (9th

MEMORANDUM IN RESPONSE TO
RSD's MOTION FOR STAY AND TO
COMPEL ARBITRATION     /Page 6
y:\bji\clients\busey\usdc\memo in opposition to motion to 25.doc

RETTIG, OSBORNE, FORGETTE, LLP
6725 West Clearwater Avenue
Kennewick, WA 99336
PH: 509.783.6154
FAX: 509.783.0858

Cir. 1996)(At p. 318: "I agree to arbitrate any dispute, claim or controversy that may arise between me and my firm . . ..."). Similarly, the cases RSD cites at ECF No. 5 at 8 are not on point. Most address broader "related to" clauses, though one is from the Third Circuit which follows a rule different than <u>Mediterranean</u> and <u>Tracer</u>. RSD claims that <u>Madrid v. Concho Elementary Sch. District</u>, 2009 WL 1159165, is "on point," but the cited decision only references a prior order granting a stay. The order that actually granted the stay <u>relies on the plaintiff's admission in his complaint that his claims arose out of the contract.</u> (Copy of Order attached as Appendix "A," p. 4, lines 23-25) Busey has <u>never</u> admitted that the arbitration provision applies to his § 1983, WLAD, or wage claims.

The contract language in the Busey/RSD contract – "arising hereunder" – is identical to the "narrow" language used in <u>Mediterranean</u>, *supra*. Accordingly, the Busey/RSD arbitration clause applies only to disputes "relating to the interpretation and performance of the contract itself." *Ibid*. Busey's claims are <u>not</u> such claims. Busey's § 1983 claim is based on <u>Loudermill</u>, *supra*, which held that state law may create property rights in public employment that require a pretermination hearing. <u>Giedra v. Mount Adams School Dist. No. 209</u>, 126 Wash.App. 840, 110 P.3d 232 (2005), held that RCW 28A.405.300 creates a property right under <u>Loudermill</u>. RCW 28A.405.300 sets out the specific <u>pre-termination process</u> that RSD must follow if it wants to terminate Busey's contract:

MEMORANDUM IN RESPONSE TO
RSD's MOTION FOR STAY AND TO
COMPEL ARBITRATION /Page 7
y:\bji\clients\busey\usdc\memo in opposition to motion to 25.doc

RETTIG, OSBORNE, FORGETTE, LLP
6725 West Clearwater Avenue
Kennewick, WA 99336
PH: 509.783.6154
FAX: 509.783.0858

> In the event it is determined that there is probable cause or causes for a . . . certificated employee . . . to be discharged . . ., such employee shall be notified in writing of that decision, which notification shall specify the probable cause or causes for such action. . . . Every such employee so notified . . . shall be granted opportunity for a hearing. . . . .
>
> * * *
>
> In the event any such notice or opportunity for hearing is not timely given, . . . such employee shall not be discharged or otherwise adversely affected in his or her contract status for the causes stated in the original notice for the duration of his or her contract.

(Full copy at Appendix "B") Violation of RCW 28A.405.300 results in liability for damages, as held in Foster v. Carson School Dist. No. 301, 63 Wash.2d 29, at 32, 385 P.2d 367 (1963):

> This provision of [RCW 28A.405.300] is therefore inapplicable in a case such as this where there has not been an original hearing, and the statute ([RCW 28A.405.300]) directs that, because of the lack of notice and opportunity for hearing, the teacher shall not be discharged for the remainder of his term. <u>The only function of the superior court, in such a case, once it has determined that the notice was not timely given, is to order the payment of the appropriate damages</u>.

(Underlining added.)

Similarly, Busey's discrimination claims and wage loss claims are not subject to arbitration. In Golden, *supra*, p. 8, the court held that employment discrimination claims are not arbitrable <u>even under a broader "related to" arbitration clause</u>:

MEMORANDUM IN RESPONSE TO
RSD's MOTION FOR STAY AND TO
COMPEL ARBITRATION    /Page 8
y:\bji\clients\busey\usdc\memo in opposition to motion to 25.doc

RETTIG, OSBORNE, FORGETTE, LLP
6725 West Clearwater Avenue
Kennewick, WA 99336
PH: 509.783.6154
FAX: 509.783.0858

However, as in *Tracer*, the discrimination and defamation claims are "independent wrongs" which Dr. Golden could assert whether or not there was an Agreement, and whether or not she or defendants performed or breached the contracts. Defendants' "but for" arguments do not support arbitration.

**b. Plaintiff's performance.**

Here too, the wrongs of employment discrimination and defamation are independent of any breach or performance under the Agreement. Defendants may not defend against the claim by asserting that yes, they did discriminate against Dr. Golden because of her race, and yes they defamed her, but she has no claim because she was a poor performer.[26]

---

[26] For example, Dr. Golden may be able to show that defendants forgave identical performance (or breach) when engaged in by persons who were not African American.

---

Defendants represent that they will defend the discrimination case by showing that their treatment of Dr. Golden, resulted from her poor performance under the contract. But this is not enough to bring the discrimination and defamation claims under the arbitration clause. Dr. Golden's performance under the contract will only be evidence going to whether or not defendants' conduct was discriminatory, and whether or not the statements they made were truthful. But the disputes at issue here are "discrimination" and "defamation"—not Dr. Golden's (or defendants') performance or failure to perform the Agreement.

Similarly, in Wireless Warehouse, Inc. v. Boost Mobile, LLC, 2010 WL 891329 (C.D.Cal. 2010), the court held, at p. 7:

> . . . At oral argument, Defendant suggested that it will use the Agreement defensively to suggest, for example, that Plaintiff's reliance on subsequent oral promises was not reasonable in light of

MEMORANDUM IN RESPONSE TO
RSD's MOTION FOR STAY AND TO
COMPEL ARBITRATION     /Page 9
y:\bji\clients\busey\usdc\memo in opposition to motion to 25.doc

RETTIG, OSBORNE, FORGETTE, LLP
6725 West Clearwater Avenue
Kennewick, WA 99336
PH: 509.783.6154
FAX: 509.783.0858

the Agreement's terms. While Defendant's possible state-law defenses might ultimately prove successful, they are insufficient to bring Plaintiff's independent claims within the scope of a narrow arbitration clause when those claims do not relate to the interpretation and performance of the Agreement.

The Court is mindful of the presumption in favor of arbitrability, but it may not "ignore the unmistakable limits" of the parties' contracted-for arbitration clause. *Zoran Corp.*, 2009 WL 160238, at *6; *see also Tracer Research Corp.*, 42 F.3d at 1295 (quoting *Mediterranean Enters., Inc.*, 708 F.2d at 1464) (noting that an agreement's "omission of the 'relating to' language is 'significant' "). "Given the clarity of Ninth Circuit case law requiring the expansive application of arbitration agreements using any one of a familiar set of broad phrases, parties to an agreement need only employ such phrases to ensure the arbitrability of all claims arising from their relationship or a particular aspect thereof." *Zoran Corp.*, 2009 WL 160238, at *6. The parties in this case agreed instead to a narrow arbitration clause. As such, the Court must effectuate the parties' intent and find Plaintiff's claims outside the scope of the arbitration requirement.

Under these rules, the claims made in this case do not fall within the narrow "arising hereunder" arbitration agreement.

## IV. CONCLUSION

RSD's motion must be denied.

DATED this 25th day of April, 2013.

                                   RETTIG OSBORNE FORGETTE, LLP

                                   By:  <u>s/ Brian J. Iller</u>
                                        BRIAN J. ILLER, WSBA#16150
                                        Attorneys for Plaintiff

MEMORANDUM IN RESPONSE TO
RSD's MOTION FOR STAY AND TO
COMPEL ARBITRATION    /Page 10
y:\bji\clients\busey\usdc\memo in opposition to motion to 25.doc

RETTIG, OSBORNE, FORGETTE, LLP
6725 West Clearwater Avenue
Kennewick, WA 99336
PH: 509.783.6154
FAX: 509.783.0858

## CERTIFICATE OF SERVICE

I hereby certify that on April 25, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Gregory Lee Stevens: gstevens@stevensclay.org

Michael E. McFarland, Jr.: mmcfarland@ecl-law.com

And that notice has been delivered by other means to: N/A

RETTIG OSBORNE FORGETTTE, LLP

By  s/ Brian J. Iller
BRIAN J. ILLER, WSBA #16150

MEMORANDUM IN RESPONSE TO
RSD's MOTION FOR STAY AND TO
COMPEL ARBITRATION       /Page 11
y:\bji\clients\busey\usdc\memo in opposition to motion to 25.doc

RETTIG, OSBORNE, FORGETTE, LLP
6725 West Clearwater Avenue
Kennewick, WA 99336
PH: 509.783.6154
FAX: 509.783.0858