UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAMES BUSEY, an individual,<br><br>                    Plaintiff,<br><br>    v.<br><br>RICHLAND SCHOOL DISTRICT; RICHARD JANSONS; HEATHER CLEARY; MARY GUAY; RICK DONAHOE; and PHYLLIS STRICKLER,<br><br>                    Defendants. | NO: 13-CV-5022-TOR<br><br>ORDER DENYING DEFENDANTS' MOTION TO STAY PROCEEDINGS AND COMPEL ARBITRATION |

BEFORE THE COURT is Defendants' Motion to Stay Proceedings and Compel Arbitration (ECF No. 5). This matter was heard with oral argument on June 20, 2013. Brian J. Iller appeared on behalf of the Plaintiff. Michael E. McFarland, Jr. appeared on behalf of Defendants. The Court has reviewed the briefing and the record and files herein, had the benefit of oral argument, and is fully informed.

ORDER DENYING DEFENDANTS' MOTION TO STAY PROCEEDINGS AND COMPEL ARBITRATION ~ 1

## BACKGROUND

In March 2010, Plaintiff James Busey was hired as Superintendent of Defendant Richland School District ("RSD"). ECF No. 1 at ¶ 2.1. At that time, he entered into a written employment contract that included a "narrow arbitration clause requiring arbitration only of claims 'arising hereunder.'" *Id*. at ¶ 2.2. While Plaintiff was employed by Defendant, he admitted to having a consensual extra-marital affair with another employee of Defendant RSD. *Id*. at ¶¶ 2.4, 2.36. Upon discovery of the relationship, RSD officials conducted an investigation, and decided to terminate Plaintiff's employment on or before December 11, 2012. *Id*. at ¶¶ 2.9-2.22.

On February 25, 2013, Plaintiff filed the instant lawsuit alleging violations of his procedural due process rights under 42 U.S.C. § 1983; unlawful marital status discrimination under the Washington Law Against Discrimination ("WLAD"); and violation of state wage laws "as to all compensation he is owed under his Contract." *Id*. at ¶¶ 3.1-3.3. Plaintiff also seeks declaratory relief that he was terminated in violation of state law, and that he remains employed under his employment contract. *Id*. at ¶ 3.4. Presently before the Court is Defendant's motion to stay proceedings and compel arbitration of all of Plaintiff's claims under the terms of his employment contract. ECF No. 5.

///

DISCUSSION

The Ninth Circuit recognizes that "an agreement to arbitrate is a matter of contract: 'it is a way to resolve those disputes – but only those disputes – that the parties have agreed to submit to arbitration.'" *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000)(*quoting First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 943 (1995)). Any written arbitration provision arising out of a "contract evidencing a transaction involving commerce," is subject to the Federal Arbitration Act ("FAA"). 9 U.S.C. § 2. "The FAA provides that any arbitration agreement within its scope 'shall be valid, irrevocable, and enforceable,' and permits a party 'aggrieved by the alleged ... refusal of another to arbitrate' to petition any federal district court for an order compelling arbitration in the manner provided for in the agreement." *Chiron Corp.*, 201 F.3d at 1130 (quoting 9 U.S.C. § 2, § 4); *see also Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985)(noting the FAA "mandate" that the court "*shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed."). The FAA reflects "both a liberal policy favoring arbitration and the fundamental principle that arbitration is a matter of contract." *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740, 1745 (2011)(internal citations and quotations omitted).

In deciding a motion to compel arbitration, the court's role is limited to determining "(1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Chiron Corp.*, 207 F.3d at 1130. If the court finds that the issue is subject to arbitration under the parties' written agreement for arbitration, the Court "shall" stay the proceedings until the arbitration is completed. 9 U.S.C. § 3.

Ultimately, the issue of arbitrability "is to be determined by the contract entered into by the parties." *Drake Bakeries, Inc. v. Local 50, Am. Bakery & Confectionary Workers Int'l*, 370 U.S. 254, 256 (1962). The employment contract between Plaintiff and Defendant includes an arbitration provision that states in relevant part:

> The parties agree that **any dispute hereunder** shall be exclusively resolved by submission to an arbitrator selected under and operating exclusively under the rules of the American Arbitration Association for the expedited resolution of disputes. The decision of the arbitrator shall be final and binding upon the parties and neither shall have recourse to any court of law other than to challenge the jurisdiction or to enforce the decision of the arbitrator.

ECF No. 1, Ex. A at 25 (emphasis added). The parties do not appear to dispute that the arbitration agreement at issue is governed by the FAA, nor do they challenge the validity of the arbitration agreement. Thus, the Court will limit its analysis to whether the agreement to arbitrate encompasses the disputes at issue. *See Chiron Corp.*, 207 F.3d at 1130.

The Ninth Circuit has repeatedly held that the "synonymous" phrases "arising hereunder" and "arising under" are "intended to cover a much narrower scope of disputes, i.e., only those relating to the interpretation, and performance of the contract itself." *Mediterranean Enters., Inc. v. Ssangyong Corp.,* 708 F.2d 1458, 1464 (9th Cir. 1983)(analyzing arbitration clause that stated "[a]ny disputes arising hereunder … shall be settled through binding arbitration ….."); *Tracer Research Corp. v. National Environmental Servs. Co.*, 42 F.3d 1292, 1294-95 (9th Cir. 1994)(holding that a "arising under" arbitration provision excluded misappropriation of trade secrets tort claim, because the tort claim constituted an "independent wrong from any breach" of the agreement ). In *Mediterranean*, the court expressly contrasted these narrow provisions with "broad arbitration clauses" that contain the phrase "arising out of or relating to," and therefore encompass a larger range of disputes. *Id.* (*citing Michele Amoruso E Figli v. Fisheries Development Corp.*, 499 F. Supp. 1074, 1080 (S.D.N.Y. 1980))(noting the significance "in this circuit" of the omission of any reference to disputes "relating to" the agreement). As recently as 2011, the Ninth Circuit reaffirmed the continuing viability of *Mediterranean* and *Tracer*, and found that under the narrow interpretation of "arising under," the statutory claims were not arbitrable. *Cape Flattery Ltd. v. Titan Maritime, LLC*, 647 F.3d 914, 922-924 (9th Cir. 2011).

Plaintiff relies heavily on these Ninth Circuit cases to argue that the language in the employment contract at issue, "any dispute hereunder," is identical to the narrow phrases "arising under" and "arising hereunder" as identified in *Mediterranean*, and therefore the arbitration clause at issue only applies to disputes relating to the interpretation and performance of the contract itself. *See Mediterranean Enters., Inc.,* 708 F.2d at 1464. Plaintiff alleges violation of his procedural due process rights under 42 U.S.C. § 1983; unlawful marital status discrimination under the Washington Law Against Discrimination ("WLAD"); and violation of state wage laws "as to all compensation he is owed under his Contract." Compl. at ¶¶ 3.1-3.3. According to Plaintiff, none of these claims are related to the interpretation or performance of the contract itself, and thus the instant motion to compel arbitration must be denied.

Defendants argue in great detail that Plaintiff's claims are "based entirely" on the employment contract and that the contract is the "centerpiece of his claims." ECF No. 12 at 2-3. In support of this argument, Defendants cite to multiple portions of the Complaint that identify facts occurring "during his employment with RSD," including but not limited to: reporting the relationship to the RSD board president (Compl. at ¶ 2.12), being advised that there was no breach of contract, policy or regulation (Compl. at ¶ 2.16), and claiming that he is entitled to compensation "as set forth in his Contract." (Compl. at ¶ 2.49). *Id*. Moreover,

Defendants argue that "the claims presented in [Plaintiff's] Complaint are entirely dependent on analysis of the parties' respective performance under [the] Employment Contract with RSD and the statutes which all reference the employee's 'contract status' cited throughout" the Complaint. ECF No. 12 at 5-6 (referring to the Complaint's repeated references to RCW 28A.405.300, entitled "[a]dverse change in the contract status of certified employee."). "Stated another way, without the contract there would be no employment and without employment there would be no basis for any claim." *Id*. at 4. The Court finds this circular reasoning unpersuasive.

It cannot be disputed that the employment agreement gave rise to the relationship between Plaintiff and Defendants, and that the claims he asserts arose during or immediately after the termination of the employment relationship. Moreover, the principal damages sought by Plaintiff would be calculated based on the terms of his employment contract. However, pursuant to controlling Ninth Circuit law, the fact that the statutory claims would not have arisen "but for" the parties contract is not determinative of whether an "arising under" claim is arbitrable. *See Tracer Research Corp*., 42 F.3d at 1295. Instead, the distinction between arbitrable and non-arbitrable claims is whether a statute creates an "independent wrong" for which Plaintiff may seek redress. *Id*. Here, Defendants' liability arises from independent statutory and constitutional provisions which

ORDER DENYING DEFENDANTS' MOTION TO STAY PROCEEDINGS AND COMPEL ARBITRATION ~ 7

accord the Plaintiff rights irrespective of the employment contract. Thus, his claims do not "arise under" the employment contract, regardless of any "but for" causation between the employment contract and the parties' employment relationship.

Defendants also argue that in the arbitration provision at issue, the word "any" precedes the phrase "dispute hereunder," thereby broadening the scope of arbitrable claims to include "any" potential employment dispute amongst the parties. ECF No. 12 at 7-9. Once again, the Court finds Defendants' argument misplaced. Most glaringly, Defendants appear to ignore that the word "any" is further modified by "hereunder," which, according to Ninth Circuit law, expressly narrows the arbitrable claims to those pertaining to contract interpretation and performance. *See Mediterranean Enters., Inc.,* 708 F.2d at 1464. Thus, the Court can summarily distinguish the litany of district court cases cited by Defendants, all of which accord broad interpretations to arbitration clauses containing the word "any," because all of those same clauses also omit "hereunder" or "under," or contain broadening phrases such as "relating to" or "in connection with" the respective arbitration agreement. ECF No. 12 at 8-9 (*citing e.g., GATX Mgmt. Servs. LLC v. Weakland*, 171 F. Supp. 2d 1159, 1163 (D. Colo. 2001)(compelling arbitration for "any and all claims, demands, causes of action, disputes, controversies, and other matters in question arising out of or **relating to** this

Agreement…."); *Brown v. Dorsey & Whitney*, LLP, 267 F. Supp. 2d 61 (D.D.C. 2003)(compelling arbitration for "any claims or disputes of **any nature**…")). Moreover, all of the arbitration clauses analyzed in the leading Ninth Circuit cases on this issue contained the word "any," and were nonetheless narrowly interpreted as relating only to claims relating to the interpretation and performance of the contract itself. *See Mediterranean Enters., Inc.,* 708 F.2d at 1464 ("Any disputes arising hereunder … shall be settled through binding arbitration ….."); *Tracer Research Corp.*, 42 F.3d 1292 ("any controversy or claim arising out of this Agreement"); *Cape Flattery Ltd.*, 647 F.3d at 916 ("Any dispute arising under this Agreement…"). Thus, the inclusion of the word "any" in the arbitration provision at issue is not relevant to the Court's analysis on this matter.

The Court is mindful of the clear federal policy favoring arbitration. *See Simula, Inc. v. Autoliv, Inc*., 175 F.3d 716, 719 (9th Cir. 1999)("Any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration."). However, it is equally clear that "a party cannot be required to submit to arbitration any dispute which he has not agreed to submit." *Drake Bakeries, Inc.*, 370 U.S. at 256 (1962)(*quoting United Steel Workers v.Warrior & Gulf Navig. Co*., 363 U.S. 574, 582 (1960)). As part of the employment contract, Plaintiff and Defendant RSD agreed "that **any dispute hereunder** shall be exclusively resolved by submission to an arbitrator." ECF No. 1, Ex. A at 25

(emphasis added). This language most closely mirrors the narrow "arising under" or "arising hereunder" phrases that the Ninth Circuit has repeatedly held to restrict arbitrable disputes to those related to the interpretation and performance of the contract itself. *See Mediterranean Enters., Inc.,* 708 F.2d at 1464; *Tracer Research Corp.*, 42 F.3d at 1295. The Court cannot broaden the scope of the parties' agreement when they plainly chose a narrow construction of the arbitration provision, as opposed to broader "relating to" language.

Further, as discussed above, the fact that the statutory claims would not have arisen "but for" the parties' contract is not determinative in this case. *See Tracer Research Corp.*, 42 F.3d at 1295. Rather, the distinction between arbitrable and non-arbitrable claims is whether a statute creates an "independent wrong" for which Plaintiff may seek redress. *Id*. Plaintiff's causes of action for violation of procedural due process under 42 U.S.C. 1983, marital status discrimination under the WLAD, and state law wage claims, arise from independent statutory provisions according Plaintiff rights separate from his employment contract with Defendant RSD.

For all of the foregoing reasons, the Court finds that the narrow construction of the arbitration provision in Plaintiff's employment agreement does not encompass Plaintiff's statutory claims, and denies Defendants' motion to compel arbitration. *See Chiron Corp.*, 207 F.3d at 1130.

ORDER DENYING DEFENDANTS' MOTION TO STAY PROCEEDINGS
AND COMPEL ARBITRATION ~ 10

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendants' Motion to Stay Proceedings and Compel Arbitration (ECF No. 5) is DENIED.

The District Court Executive is hereby directed to enter this Order and provide copies to counsel.

**DATED** June 21, 2013.



THOMAS O. RICE
United States District Judge

ORDER DENYING DEFENDANTS' MOTION TO STAY PROCEEDINGS AND COMPEL ARBITRATION ~ 11