UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAMES BUSEY, an individual,<br><br>     Plaintiff,<br><br> v.<br><br>RICHLAND SCHOOL DISTRICT; RICHARD JANSONS; HEATHER CLEARY; MARY GUAY; RICK DONAHOE; and PHYLLIS STRICKLER,<br><br>     Defendants. | NO: 13-CV-5022-TOR<br><br>ORDER DENYING STAY, IN PART, PENDING INTERLOCUTORY APPEAL |

BEFORE THE COURT is Defendants' Motion to Stay Proceedings Pending Appeal (ECF No. 41). This matter was heard with oral argument. Brian J. Iller represents the Plaintiff, while Michael E. McFarland, Jr. represents the Defendants. The Court has reviewed the briefing and the record and files herein, and is fully informed.

///

ORDER DENYING STAY PENDING INTERLOCUTORY APPEAL ~ 1

## BACKGROUND

Defendants sought to stay this proceeding and compel arbitration. ECF No. 5. The Court denied Defendants' motion. ECF No. 27. Defendants filed an interlocutory appeal of the Court's Order Denying Defendants' Motion to Stay Proceedings and Compel Arbitration. ECF No. 31. Defendants now seek to stay this proceeding while they pursue their interlocutory appeal. Plaintiff does not oppose a stay of dispositive motions and trial, but opposes staying discovery. ECF No. 43 at 1-2. The underlying factual allegations are set forth in this Court's Order dated June 21, 2013. ECF No. 27.

## DISCUSSION

"The district court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). The court may stay an action in the interests of efficiency, pending resolution of independent proceedings which bear upon the case. *Leyva v. Certified Grocers of Cal. Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979). In *Britton v. Co-op Banking Group*, 916 F.2d 1405, 1412 (9th Cir. 1990), the Ninth Circuit explicitly held that a district court has discretion in deciding whether to stay proceedings pending an appeal from its refusal to compel arbitration. Courts generally consider four factors when determining whether to grant a stay pending the appeal of a civil order: (1) the likelihood of the moving party's success on the merits; (2) whether

the moving party will be irreparably injured if a stay is not granted; (3) whether a stay will substantially injure the opposing party; and (4) the public interest. *See Nken v. Holder,* 556 U.S. 418, 426 (2009) (citing *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

    1. Likelihood of Success

The Ninth Circuit has held that first factor of the *Nken* test does not require a demonstration that success on appeal is more likely than not; rather, the moving party need only show that his or her appeal "raises serious legal questions, or has a reasonable probability or fair prospect of success." *Leiva–Perez v. Holder*, 640 F.3d 962, 971 (9th Cir. 2011); *Lair v. Bullock*, 697 F.3d 1200, 1204 (9th Cir. 2012) (a petitioner must show that there is a "substantial case for relief on the merits").

For the reasons given in its Order Denying Defendants' Motion to Stay Proceedings and Compel Arbitration (ECF No. 27), the Court does not find Defendants have a reasonable probability of success on appeal.

    2. Balancing of Plaintiff's, Defendants' and the Public's Interests

While the policy favoring arbitration exists to save the parties time, money, and effort by substituting for the litigation process the advantages of speed, simplicity, and economy associated with arbitration, discovery will be inevitable. Plaintiff's contention that memories fade and information may be lost by a delay is

well taken by the Court. Plaintiff concedes that dispositive motion practice and trial should be stayed. Thus, it would be neither efficient nor prudent for this Court to proceed to trial pending resolution of Defendants' interlocutory appeal.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendants' Motion to Stay Proceedings Pending Appeal (ECF No. 41), is DENIED in part. **All proceedings except discovery are stayed** pending resolution of Defendants' interlocutory appeal to the United States Court of Appeals for the Ninth Circuit. The Court will establish pre-trial deadlines and trial setting, if necessary, following the conclusion of the interlocutory appeal.

2. The District Court Executive is hereby directed to enter this Order and provide copies to counsel.

**DATED** September 9, 2013.



THOMAS O. RICE
United States District Judge