1

2

3

4

5        UNITED STATES DISTRICT COURT

6        EASTERN DISTRICT OF WASHINGTON

7   JAMES BUSEY, an individual,

8                        Plaintiff,              NO:  13-CV-5022-TOR

9        v.                                      ORDER GRANTING DEFENDANTS'
                                                 MOTION FOR A PROTECTIVE
10  RICHLAND SCHOOL DISTRICT;                    ORDER
    RICHARD JANSONS; HEATHER
11  CLEARY; MARY GUAY; RICK
    DONAHOE; and PHYLLIS
12  STRICKLER,

13                        Defendants.

14

15        BEFORE THE COURT is Defendants' Motion for a Protective Order (ECF

16  No. 53). This matter was submitted for consideration without oral argument. The

17  Court has reviewed the briefing and the record and files herein, and is fully

18  informed.

19  ///

20  ///


ORDER GRANTING DEFENDANTS' MOTION FOR A PROTECTIVE ORDER ~ 1

FACTUAL BACKGROUND

This case concerns Defendant Richland School District's termination of Plaintiff James Busey, a superintendent with the district, allegedly for a relationship with another employee. ECF No. 1. Plaintiff sued, seeking damages for violations of his right to a pretermination hearing, for marital status discrimination, and violations of state law, as well as a declaratory judgment. ECF No. 1 at 14-15. In discovery, Plaintiff seeks to depose Galt Pettet, in-house counsel for Richland School District ("RSD"), and Greg Stevens, outside counsel for the district and counsel of record in this matter. ECF No. 53 at 2.  In the instant motion, Defendants move the Court for a protective order prohibiting Plaintiff from taking these depositions.

DISCUSSION

Protective orders are governed by Fed. R. Civ. P. 26(c):

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending…. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The Court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense…."

A district court "has wide latitude in controlling discovery, and its rulings will not be overturned in absence of a clear abuse of discretion." *Lane v. Dep't of Interior*,

523 F.3d 1128, 1134 (9th Cir. 2008) (quoting *White v. City of San Diego,* 605 F.2d 455, 461 (9th Cir. 1979) (internal quotations omitted)).

As a threshold matter, the Court must determine what standard applies to the question of whether an opposing party can depose a party's attorneys. Defendants contend that a party seeking to depose an attorney must meet a three-prong test, applying an Eighth Circuit case, *Shelton v. American Motors Corp.,* 805 F.2d 1323, 1327 (8th Cir. 1986). Plaintiff states that Defendants have the burden to show that all discovery questions to the attorney witnesses would be protected by the attorney-client privilege. ECF No. 55 at 3. Even if *Shelton* is the correct law, Plaintiff contends, it applies only to opposing counsel, and therefore does not apply to in-house counsel Mr. Pettet because he does not represent any party in the present litigation. ECF No. 55 at 14. Nor should *Shelton* apply to outside counsel Mr. Stevens, Plaintiff contends, because even though he has appeared in this matter, he has done nothing of substance in the litigation. *Id*. at 15.

While no published Ninth Circuit cases address this matter directly, district court cases in this circuit have adopted the *Shelton* standard for evaluating whether counsel may be deposed. *See, e.g., Massachusetts Mutual Life Ins. Co. v. Cerf*, 177 F.R.D. 472, 479 (N. D. Cal. 1998) (*Shelton* "is generally regarded as the leading case on attorney depositions"); *Willer v. Las Vegas Valley Water District*, 176 F.3d 486 (9th Cir. 1999) (unpublished table decision) (citing *Massachusetts Mutual* for

the test from *Shelton*); *Bybee Farms, LLC v. Snake River Sugar Co*., 2008 WL

820186 (E. D. Wash. 2008). Fed. R. Civ. P. 30(a) provides that depositions may be

taken of "any person." Therefore, there is no express prohibition against the taking

of attorney depositions. *See Shelton,* 805 F.2d at 1327; and *American Cas. Co. of*

*Reading, Pennsylvania v. Krieger,* 160 F.R.D. 582, 585 (S. D. Cal. 1995). Courts,

however, have cautioned that attorney depositions should be allowed only where

the discovery sought cannot be obtained from another source. *Massachusetts Mut*

177 F.R.D. at 479. In *Shelton,* the Eighth Circuit explained the judicial attitude

toward such depositions as follows:

> We do not hold that opposing trial counsel is absolutely immune from being
> deposed. We recognize that circumstances may arise in which the court
> should order the taking of opposing counsel's deposition. But those
> circumstances should be limited to where the party seeking to take the
> deposition has shown that **(1) no other means exist to obtain the**
> **information than to depose opposing counsel**, *see, e.g., Fireman's Fund*
> *Ins. Co. v. Superior Court,* 72 Cal.App.3d 786, 140 Cal.Rptr. 677, 679
> (1977)**; (2) the information sought is relevant and nonprivileged**; and **(3)**
> **the information is crucial to the preparation of the case.**

*Shelton,* 805 F.2d at 1327 (emphasis added). *See also Krieger,* 160 F.R.D. at 588

("There are good reasons to require the party seeking to depose another party's

attorney to bear the burden of establishing the propriety and need for the

deposition.").

　　　With respect to whether this three-part test applies to the proposed

deposition of Mr. Stevens, Plaintiff offers no support for the proposition that

opposing counsel must have done something of "substance" to warrant application of *Shelton*, nor can the Court find any support for this notion. Accordingly, because Plaintiff acknowledges that Stevens has appeared as opposing counsel, ECF No. 55 at 15, the Court will apply the factors to him.

The Court next turns to application of this test to Mr. Pettet, in-house counsel for the Richland School District. Though *Shelton*'s holding applies to "opposing trial counsel," 805 F.2d at 1327, district courts in this circuit have applied the standard to depositions of in-house counsel as well. *See, e.g.,* *Caterpillar v. Friedemann*, 164 F.R.D. 76, 78-79 (D. Oregon 1995) (applying *Shelton* standard and finding that deposition of senior in-house attorney was not warranted); *Bybee Farms, LLC v. Snake River Sugar Co*., 2008 WL 820186 (E. D. Wash. 2008). Accordingly, the Court will also examine the proposed deposition of Mr. Pettet in light of *Shelton*.

Plaintiff contends in the alternative that the depositions should be permitted even under the *Shelton* analysis. First, Plaintiff argues, there is no other means to discover advice given because all advice would have to have been given in writing for it to be discoverable. ECF No. 55 at 15. Second, Plaintiff contends, the advice is clearly relevant. ECF No. 55 at 15. It is non-privileged, Plaintiff argues, because the privilege was waived when Defendants put the advice the attorneys gave to Defendants at issue in the case. *Id*. at 11, 15-16. Third, Plaintiff maintains, the

advice given to board members is critical to the case. *Id*. at 16. Defendants counter that Plaintiff has not established any of the *Shelton* requirements. ECF No. 59.

### a.  Conversations Between RSD's Attorneys and Mr. Busey

Plaintiff contends that any conversations between Mr. Busey and RSD attorneys were not privileged because they were communications between adverse parties. ECF No. 55 at 7.  Defendant points out that while these communications may not be privileged, Plaintiff cannot establish that there is no other means of obtaining that information, as required under *Shelton*, because Mr. Busey participated in the conversations and can therefore speak to their content. ECF No. 59 at 9. The Court agrees with Defendant.

### b.  RSD's Attorneys' Advice to RSD Board Members

Plaintiff contends that Defendants waived the attorney-client privilege with respect to RSD's attorneys' advice to RSD board members when they put that advice at issue in the case by publicly claiming to have acted on the attorneys' advice. ECF No. 55 at 8, 11-12. Plaintiff further argues that if it is established that the board acted contrary to its attorneys' recommendations, it would form a basis for punitive damages for malicious, oppressive and reckless conduct. ECF No. 55 at 12. Defendants respond that there must be some sort of affirmative act to waive privilege. ECF No. 59 at 5-6.

"Where a party raises a claim which in fairness requires disclosure of the protected communication, the privilege may be implicitly waived." *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1162 (9th Cir. 1992). Both parties refer to the Ninth Circuit's three-part test for whether waiver of the attorney-client privilege has occurred, from *Home Indemnity Co. v. Lane Powell Moss and Miller*, 43 F.3d 1322, 1326 (9th Cir. 1995).[1] Under this standard, an implied waiver of attorney-client privilege occurs when

> (1) the party asserts the privilege as part of an affirmative act, such as filing suit; (2) through the affirmative act, the asserting party puts the privileged information at issue; and (3) allowing the privilege would deny the opposing party access to information vital to its defense.

*Home Indemnity Co.*, 43 F.3d at 1326. *See United States v. Amlani*, 169 F.3d 1189, 1195-96 (9th Cir. 1999) (client asserting he discharged attorney for certain reasons cannot invoke the attorney-client privilege to deny government counsel access to the information needed to refute claim); *Confederated Tribes of Chehalis Reservation v. Thurston County Bd. of Equalization*, 2009 WL 3835304 (W. D. Wash. 2009) (finding no implied waiver where plaintiffs did not explain "how Defendants asserted the privilege as a result of some affirmative act, such as asserting an affirmative defense or filing a counterclaim.").

---

[1] Plaintiffs cite *United States v. Amlani*, 169 F.3d 1189, 1195 (9th Cir. 1999), which cites *Home Indemnity Co*.

ORDER GRANTING DEFENDANTS' MOTION FOR A PROTECTIVE ORDER ~ 7

1    The Court agrees with Defendants. Defendants have not yet filed an answer

2    in this matter.[2] Thus, the Court has little by way of an "affirmative act, such as

3    filing suit" to determine how Defendants have put the privileged information at

4    issue. Plaintiff contends that Defendants put it at issue by claiming to have acted in

5    reliance on its attorneys' advice, but do not specify the source of this contention.

6    ECF No. 55 at 11. Plaintiff does provide an exhibit of an article from the local

7    newspaper stating that Richland School Board Chairman Rick Jansons said that

8    "We followed all the directions of our attorney and were within the law." *See* ECF

9    No. 56-1. Insofar as Plaintiff relies on this statement to show that Defendants put

10   privileged information at issue, the Court disagrees. A statement by a board

11   member, before litigation begins, does not rise to the level of "at issue" represented

12   by case law, in which parties put privileged information at issue by raising a

13   defense relying on the information , for example. *Shelton* puts the burden on the

14

15   _____

16   [2] Defendants initially moved to stay proceedings and compel arbitration (ECF No.

17   5), which was denied (ECF No. 27), then made an interlocutory appeal of that

18   decision to the Ninth Circuit (ECF No. 32) and moved this Court for a stay

19   pending the result of their appeal (ECF No. 41), which was granted in part and

20   denied in part, staying proceedings except for discovery (ECF No. 46).

ORDER GRANTING DEFENDANTS' MOTION FOR A PROTECTIVE ORDER ~ 8

party seeking the deposition to show that the information is non-privileged.

Plaintiff simply has not met that burden.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Defendants' Motion for a Protective Order (ECF No. 53) is GRANTED.

The District Court Executive is hereby directed to enter this Order and

provide copies to counsel.

**DATED** April 10, 2014.

THOMAS O. RICE
United States District Judge

ORDER GRANTING DEFENDANTS' MOTION FOR A PROTECTIVE ORDER ~ 9